UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:18-cr-00081-JAW |
| | ) | |
| ERIC TRACY | ) | |

**ORDER ON THE APPLICABILITY OF THE SAFETY VALVE PROVISION OF THE FIRST STEP ACT**

After a defendant pleaded guilty, but before his sentencing, Congress passed the First Step Act which included various sentencing reforms. The defendant argues he is eligible under one of the First Step Act's sentencing reform provisions, namely the more lenient criteria for application of the safety valve reduction, and the Government agrees. Based on different applicability language in the First Step Act, however, the Court concludes that the new safety valve provisions do not apply to defendants like Eric Tracy who pleaded guilty before December 21, 2018 and are still awaiting the imposition of sentence.

## I.  BACKGROUND

### A.  Procedural Background

On July 19, 2018, Eric Tracy appeared before the Court, waived his right to indictment and pleaded guilty to a single count information alleging that between January 1, 2016, and about February 1, 2017, he "knowingly and intentionally conspired together and with one another to distribute and possess with the intent to distribute, controlled substances including . . . heroin . . . [and] cocaine base . . . in

violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(C)." *Information* (ECF No. 4); *Waiver of Indictment* (ECF No. 3); *Min. Entry* (ECF No. 12).

Mr. Tracy had entered into a non-binding plea agreement with the Government, which was presented to the Court at the guilty plea. *Plea Agreement* (ECF No. 8). At the end of hearing held pursuant to Federal Rule of Criminal Procedure 11, the Court accepted his guilty plea as tendered and ordered the preparation of a Presentence Investigation Report (PSR). *Min. Entry* (ECF No. 12).

After the completion of the PSR, the Court held a presentence conference of counsel on October 29, 2018 and scheduled a sentencing hearing for December 18, 2018. *Min. Entry* (ECF No. 21). On December 10, 2018, Mr. Tracy moved to continue the sentencing hearing, which the Court granted, and Court reset the sentencing hearing for January 10, 2019. *Notice of Hr'g* (ECF No. 25). The Court held a second presentence conference on January 10, 2019. *Min. Entry* (ECF No. 30). At the presentence conference, counsel presented an issue as to whether the new safety valve provisions of the First Step Act, which became law on December 21, 2018, applied to Mr. Tracy. The Court ordered the parties to file sentencing memoranda.

On February 1, 2019, Mr. Tracy filed a sentencing memorandum arguing that he meets all the criteria for the First Step Act's expanded safety valve provisions and that the new provisions apply to him even though he pleaded guilty before its enactment. *Mem. In Aid of Sentencing* at 1-8 (ECF No. 32) (*Def.'s Mem.*). On February 8, 2019, the Government filed a sentencing memorandum agreeing with Mr. Tracy's conclusion in light "of the meaning of the phrase 'conviction entered' and

2

the purpose of the Act . . . ." *Gov't's Mem. in Aid of Sentencing* at 1 (ECF No. 33) (*Gov't's Mem.*)

### B. The Presentence Investigation Report

The Probation Office (PO) prepared an initial and revised version of the PSR in the fall of 2018. However, after the safety valve issue arose, the PO revised the PSR on January 16, 2019. *PSR* at 1. The PO calculated the following total offense level under the Guidelines:

1) **Base Offense Level:** U.S.S.G. §§ 2D1.1(a)(5), 2D1.1(c)(5):  **30**
2) **Acceptance of Responsibility:** U.S.S.G. § 3E1.1:  **- 3**
3) **Total Offense Level:**  **27**

*Id.* at 6-7. The PO calculated Mr. Tracy's criminal history to equal Category III. *Id.* at 9. For a total offense level of twenty-seven and a criminal history category of III, the PO calculated "the guideline range for imprisonment at 87 to 108 months," the fine range from $25,000 to $1,000,000, the period of supervised release from three years to life, and the imposition of a $100 special assessment. *Id.* at 14-16.

However, in the revised PSR, the PO observed that if the First Step Act were applicable to Mr. Tracy, he would qualify for safety valve treatment under U.S.S.G. § 2D1.1(c)(18) and § 5C1.2. *Id.* at 16. The PO wrote that, if the safety valve applied, it would reduce Mr. Tracy's guideline sentence range to seventy to eighty-seven months. *Id.*

## II. THE PARTIES' POSITIONS

### A. Eric Tracy's Memorandum

Mr. Tracy observes that under his original PSR there was no indication he was eligible for a two-level reduction under the United States Sentencing Guideline's (U.S.S.G.) § 2D1.1(b)(18) pursuant to the Guideline's safety valve provision, U.S.S.G. § 5C1.2(1), "presumably because [he] has more than one criminal history point." *Def.'s Mem.* at 1 & n.1.[1] However, after the passing and signing of the First Step Act, Mr. Tracy points out that "Probation Office recommended . . . the Court impose a variant sentence, reducing Mr. Tracy's offense level by two levels to reflect the intent of the new law[,]" because the First Step Act amended and eased the requirements of 18 U.S.C § 3553(f), which U.S.S.G. § 5C1.2(1) incorporates to determine whether a defendant is eligible under the Guideline's safety provision. *Id.* at 1-2. Mr. Tracy notes the First Step Act's section expanding the applicability of the safety valve, § 402, provides:

> The amendments made by this section shall apply only to a conviction entered on or after the date of enactment of this Act.

*Id.* at 4 (citing Pub. L. No. 115-391 § 402(b)). Mr. Tracy explains the First Step Act does not define "conviction entered" and neither do the Sentencing Guidelines, and thus, "it is not clear if a person's conviction is entered upon his plea, or not until he is sentenced." *Id.*

Nevertheless, Mr. Tracy points to Rule 11 of the Federal Rules of Criminal Procedure which "clearly distinguishes between pleas before sentencing which can be withdrawn for fair and just reasons, and pleas post-sentencing, which cannot be withdrawn for any reason[]" as indicating that a conviction is not entered until a

---

[1]   Mr. Tracy's memorandum is not paginated; the Court refers to the ECF pagination for pincites.

4

person is sentenced. *Id.* at 5. While acknowledging some differences, Mr. Tracy says the Court of Appeals for the First Circuit's decision in *United States v. Douglas*, 644 F.3d 29 (1st Cir. 2011) is helpful because "Mr. Douglas was sentenced after that, and received the benefit of the Fair Sentencing Act even though he had pleaded guilty prior to the law going into effect." *Id.*

Since the First Step Act's amendments are statutory, and the Sentencing Commission has not yet made any corresponding changes to the Sentencing Guidelines to reflect the provisions of the Fair Sentencing Act, Mr. Tracy admits "as a matter of proper guideline application, the Court could not, at this time, award Mr. Tracy the two-level safety valve reduction at § 2D1.1 . . . ." *Id.* But he says, pursuant to § 3553(a), the Court could grant a variance from the guidelines. *Id.* at 6. As an alternative, Mr. Tracy asserts the Court could delay his sentencing and wait for the United States Sentencing Commission to alter to the guidelines to reflect the First Step Act's amendments. *Id.* at 6. Mr. Tracy concludes by requesting "the Court impose a variant sentence in this matter, reducing the offense level by two levels to reflect legislature's desire to reduce sentences for qualifying individuals." *Id.* at 7.

B.  **The Government's Memorandum**

The Government agrees that Mr. Tracy should receive a two-level downward variance. *Gov't's Mem.* at 1. Like Mr. Tracy, the Government acknowledges "[i]t is not clear from the text of Section 402 . . . whether a defendant found guilty before December 21, 2018 but whose judgment of conviction was or is entered on or after that date may benefit from the new safety valve rules." *Id.* at 2. The Government

5

asserts that while the First Step Act's legislative history fails to provide a clear answer, two Supreme Court cases, *Deal v. United States*, 508 U.S. 129 (1993) and *Dorsey v. United States*, 567 U.S. 260 (2012), provide "plausible interpretations." *Id.* at 2-3. The Government says while neither *Deal* or *Dorsey* provides definite answers, because the intent of the First Step Act in part is to provide more lenient sentences to non-violent drug-trafficking defendants, "the phrase 'conviction entered' is best interpreted as 'judgment of conviction entered,' such that any defendant not yet sentenced on December 21, 2018, should benefit from the Act's amended safety-valve criteria." *Id.* at 3 (citing *Douglas*, 644 F.3d at 45 ("Of course, if Congress intended the new, lower penalties to apply, the defendant not yet sentenced is ordinarily going to be entitled to their benefit")).

The Government argues that interpreting "conviction entered" to include defendants who have pleaded guilty, but have not yet been sentenced, is supported by significant practical and policy considerations. *Id.* The Government says if defendants in Mr. Tracy's situation were to seek to withdraw their guilty pleas under Federal Rule of Criminal Procedure 11(d), "the Government [could] insist that the Act precludes those defendants from benefitting from the expanded safety-valve provisions, [because] it likely would have to oppose these motions on the theory that permitting withdrawal for the purpose of obtaining a new 'conviction' would undermine Congress's intent." *Id.* at 3-4 (citations omitted).

The Government asserts Mr. Tracy meets all the amended criteria of § 402 of the First Step Act. *Id.* at 4. The Government states § 402 only amended § 3553(f),

and not U.S.S.G. § 5C1.2, and "there is no applicable statutory mandatory minimum term of imprisonment implicated in [Mr. Tracy's] case." *Id.* Instead of delaying Mr. Tracy's sentencing to allow the Sentencing Commission to amend the guidelines, the Government says it "has no objection to Court varying downward two levels in this case to ensure that the defendant receives the benefit of the anticipated amendment[,]" but asks, if the Court imposes the variance, that it instruct Mr. Tracy that he cannot request a further two-level reduction under the safety valve provision once the Sentencing Commission amends the Guidelines. *Id.* at 5.

## III. DISCUSSION

### A. The Safety Valve Provision: Pre-First Step Act

Before the enactment of the First Step Act, § 3553(f) of title 18 provided that a sentencing court "shall impose a sentence pursuant to the guidelines promulgated by the United States Sentencing Commission . . . without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that —

> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
>
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (3) the offense did not result in death or serious bodily injury to any person;
>
> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act [21 U.S.C. § 848]; and

7

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

§ 3553(f)(1)-(5). Currently U.S.S.G. § 5C1.2(a)(1)-(5) essentially tracks this statutory language. Also, U.S.S.G. § 2D1.1(b)(18) provides:

If the defendant meets the criteria set forth in subdivisions (1) – (5) of subsection (a) of § 5C1.2 (Limitation on Applicability of Statutory Minimum Sentences in Certain Cases), decrease by 2 levels.

This is the so-called safety valve.

Applying these provisions to Mr. Tracy, the PO determined that he was not eligible for the two-level safety valve reduction because he had more than one criminal history point under the guidelines. Mr. Tracy did not object to this determination.

### B. The First Step Act and the Safety Valve

On December 21, 2018, the President of the United States signed the First Step Act into law and it was effective immediately. The First Step Act contains six titles; relevant here is Title IV, entitled "Sentencing Reform." Under Title IV, § 402, Congress expanded the applicability of § 3553(f). Specifically, § 402 amends § 3553(f)(1) and provides a defendant may receive a sentence without regard to any statutory minimum sentence if:

(1) the defendant does not have—

8

(A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;

(B) a prior 3-point offense, as determined under the sentencing guidelines; and

(C) a prior 2-point violent offense, as determined under the sentencing guidelines[.]

Section 402 also incorporates 18 U.S.C. § 16's definition of "violent offense" and inserts "[i]nformation disclosed by a defendant under this subsection may not be used to enhance the sentence of the defendant unless the information relates to a violent offense." § 3553(f)(1),(g). It does not otherwise substantively alter the safety criteria for § 3553.

C. The First Step Act, the Safety Valve and Eric Tracy

As reflected in the PSR, Mr. Tracy's criminal history includes: (1) 2012 convictions for unlawful possession of a scheduled drug (a misdemeanor) and criminal mischief that the PO scored as one criminal history point; (2) 2016 convictions for unlawful trafficking in scheduled drugs and theft by receiving stolen property that the PO scored as two criminal history points, (3) 2016 convictions for reckless conduct and criminal mischief that the PO scored as one criminal history point, and (4) 2017 convictions for unlawful trafficking in scheduled drugs and a criminal forfeiture that the PO scored as one criminal history point. PSR ¶¶ 23-26.

Applying the pre-First Step Act statute and guideline provisions, the PO concluded that Mr. Tracy's criminal history score was five and the resulting criminal history category was III. *Id.* ¶ 27. Under the old version of § 3553(f)(1), Mr. Tracy

9

was not eligible for the two-level safety valve reduction because he had more than one criminal history point.

Under the new version of § 3553(f), Mr. Tracy would qualify for the safety valve reduction because the new version of the statute eliminates all one-point offenses and therefore, his criminal history score would be reduced from five to two, since three of the points under the old statute came from one-point offenses, leaving only the 2016 unlawful trafficking and theft by receiving stolen property. PSR ¶¶ 23-26. Furthermore, none of the prior convictions was either a three-point offense or a two-point violent offense as determined under the Guidelines.

Once over the criminal history hurdle, Mr. Tracy and the Government agree that he satisfies the rest of the safety valve requirements. If applicable, the First Step Act would reduce Mr. Tracy's total offense level by two points to twenty-five. With a criminal history category of III, the resulting Guideline sentencing range would be seventy to eighty-seven months. *Id.* ¶ 62.

**D.     The Retroactivity Issue**

As quoted earlier, the First Step Act contains a provision that addresses its applicability:

> The amendments made by this section shall apply only to *a conviction entered* on or after the date of enactment of this Act.

§ 402(b) (italics added). The First Step Act became effective on December 21, 2018 and Mr. Tracy pleaded guilty on July 19, 2018. Accordingly, if the Court concludes that Mr. Tracy's conviction was entered on July 19, 2018, as opposed to the date he is sentenced, he is not eligible for safety valve treatment under the First Step Act. If

10

the Court determines that his conviction was not entered on July 19, 2018, he is potentially eligible for the two-level reduction under the safety valve.

If potentially eligible, a stumbling block would be that the United States Sentencing Commission has not yet amended the guidelines to incorporate the provisions of the statute.[2] To account for the difference between the statute and the guidelines, the parties propose that the Court vary downward from the guideline range an amount equal to the safety valve reduction and inform Mr. Tracy that if the Sentencing Commission later amends the guidelines to make them applicable to him, he cannot return to claim the benefit of the amendment, because he will have already received the benefit.

**E.  Rules of Statutory Construction**

It is the Court's duty to determine the congressional intent behind the language of § 402(b). *See Penobscot Air Servs. v. F.A.A.*, 164 F.3d 713, 719 (1st Cir. 1999). "In determining congressional intent, we employ the traditional tools of statutory construction, including a consideration of the language, structure, purpose, and history of the statute." *L.S. Starrett Co. v. F.E.R.C.*, 650 F.3d 19, 25 (1st Cir. 2011) (citations omitted). "Where there is no legislative history that illuminates the purpose of a particular statutory term, we are left with language, structure, and evident purpose." *Id.* (citations and internal punctuation omitted). Accordingly, the

---

[2]  The First Step Act did not contain "emergency amendment authority" and therefore the Commission may make changes in the guidelines in response to the First Step Act only during the Commission's annual amendment cycle. *See* 28 U.S.C. § 994. This includes publication of the proposed amendment, solicitation of public comment, Commission vote, and submission to Congress by May 1 with a potentially effective date of November 1 in any given year. § 994(a), (p), (x).

11

"first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997); *Perez–Olivo v. Chavez*, 394 F.3d 45, 49 (1st Cir. 2005) (citations omitted). "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson*, 519 U.S. at 341. It is well established that "when the statute's language is plain, the sole function of the court—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000) (internal quotation marks omitted) (quoting *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989) (quoting *Caminetti v. United States*, 242 U.S. 470, 485 (1917))).

**F.     Analysis**

    **1.     The Meaning of "Conviction Entered"**

The parties pointed to no statutory definition of "conviction" or "conviction entered" in the First Step Act or in the Guidelines, and the Court is aware of none.[3]

---

[3]     There is a statute affecting deportation of aliens that has a pertinent definition section:

The term "conviction" means, with respect to an alien, a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where—

    (i)     A judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and

    (ii)     The judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

8 U.S.C.A. § 1101(a)(48)(A). A conviction entered in that context means a case where there is a judgment or at least the defendant has been sentenced.

12

The Court turns to whether there is an accepted meaning for "conviction entered." In general, the word, "conviction," means "[t]he act or process of judicially finding someone guilty of a crime; the state of having been proved guilty." BRYAN A. GARNER, BLACK'S LAW DICTIONARY at 408 (Tenth ed. 2014). A secondary meaning is "[t]he judgment (as by a jury verdict) that a person is guilty of a crime." *Id*. In common parlance, a conviction is juxtaposed against an acquittal. In other words, the jury either acquits a defendant by finding him not guilty (or not proven guilty) or convicts him by finding him guilty. Another example is that a jury is thought to have convicted a defendant and a judge to have sentenced him on the conviction.

Nor is the meaning of the term clarified by the phrase, "conviction entered." Upon a guilty plea or guilty verdict, the Court typically enters the fact of the plea or verdict on the docket. *See Min. Entry* (ECF No. 12) ("Guilty Plea entered as to Count I; Plea accepted").

### 2. The Federal Rules of Criminal Procedure

Within the criminal rules, there is a definition for "judgment of conviction," which "includes both the adjudication of guilt and the sentence." *Deal v. United States*, 508 U.S. at 132; *see* FED. R. CRIM. P. 32(k)(1) ("In the judgment of conviction, the court must set forth the plea, the jury verdict or the court's findings, the adjudication, and the sentence"). If Congress had used, "a judgment of conviction

---

Even so, this provision seems unique. If the triggering event for deportation were the entry of a guilty plea or finding of guilty, an alien would always be subject to deportation regardless of the sentence imposed, and the second criterion is the imposition of a sentence that restrains the alien's liberty. Accordingly, to effect the provisions of the statute, the triggering event had to be after sentence was imposed. If the First Step Act had used similar language, it would have clarified the issue. It did not.

entered" instead of "conviction entered," its clear meaning would have been consistent with Mr. Tracy's and the Government's position here. Congress' choice of wording — "conviction entered" and not "judgment of conviction" — suggests that it intended "conviction" to mean a finding of guilt, not a judgment of conviction following the imposition of sentence.

The view that "conviction" means a guilty finding has some support from the organization of the Rules. The Rules addressing the trial are contained in Section VI, "Trial," and end with the jury verdict. *See* FED. R. CRIM. P. 23-31. Following the verdict, the sentence and judgment on the verdict are found within Section VII, "Post-Conviction Procedures." FED. R. CRIM. P. 32-38. Again, this suggests that the Rules Committee considered the jury verdict a conviction.

### 3. Caselaw

In *Deal v. United States*, the United States Supreme Court wrote that "the word 'conviction' can mean either the finding of guilt or the entry of a final judgment on that finding." 508 U.S. at 131. Nonetheless, after noting that the word, "conviction," can have a variety of meanings, the *Deal* Court went on to say that "susceptibility of all of these meanings does not render the word 'conviction,' whenever it is used, ambiguous; all but one of the meanings is ordinarily eliminated by context." *Id.* at 131-32. In *Deal*, the Supreme Court readily concluded that in the context of 18 U.S.C. § 924(c), "'conviction' refers to the finding of guilt by a judge or jury that necessarily precedes the entry of a final judgment of conviction." *Id.* at 132.

In *Dorsey*, the United States Supreme Court addressed the applicability of the

Fair Sentencing Act of 2010, Public Law 111-220. 567 U.S. at 263. The *Dorsey* Court emphasized the fact that the Fair Sentencing Act, which was at issue in *Dorsey*, had itself attempted to minimize disparities. *Id.* at 278. But if the new law were interpreted to apply only to new defendants, it would undercut the policies underlying the new law. *Id.* But unlike here, the Fair Sentencing Act did not have specific effective date language as in the First Step Act. Thus, unlike the First Step Act, the Fair Sentencing Act, did "not provide express guidance regarding its applicability to pending cases." *United States v. Slone*, No. 5:17-135-DCR-4, 2019 WL 982851, at *8, 2019 U.S. Dist. LEXIS 32178, at *22 (E.D. Ky. Feb. 28, 2019).

If the Court viewed the language in § 402(b) in isolation and found that "conviction entered" is ambiguous, there is an argument that in the face of ambiguity, the Court should apply the rule of lenity. *See Deal*, 508 U.S. at 131. But for the rule of lenity to apply, a court must find ambiguity. *Id.* at 135-36.

### 4. The Differing Applicability Provisions of the First Step Act

Significantly, Congress used different applicability language within the First Step Act itself for different provisions of the Act. The following critical applicability language in the First Step Act applies to §§ 401 and 403, but not to § 402:

> Applicability to pending cases. This section, and the amendments made by this section shall apply to any offense that was committed before the date of enactment of [the 2018] Act, if a sentence for the offense had not yet been imposed as of such date of enactment.

§§ 401(c), 403(b). By contrast, the applicability provision for the safety valve amendments reads:

> Applicability. The amendments made by this section shall apply only to

15

a conviction entered on or after the date of enactment of this Act.

§ 402(b).

Based on this difference in language, the Court concludes that if Congress intended the new safety valve provisions of the First Step Act to apply to persons in the position of Eric Tracy, it would have used the applicability language in sections 401 and 403. In other words, if Congress had used the same applicability language for § 402 that it used for §§ 401 and 403, the new safety valve provisions would clearly have applied to Mr. Tracy and other defendants like him. When Congress used different language — "applicability to pending cases" as opposed to "applicability," and "any offense that was committed before the date of enactment . . . if a sentence for the offense had not yet been imposed as of such date of enactment" as opposed to "only to convictions entered on or after the date of enactment of this Act," — Congress must have intended the different language to mean different things. Otherwise, Congress would have used the same language in § 402 as it did in §§ 401 and 403. *See King v. Burwell,* 135 S. Ct. 2480, 2489 (2015) ("when deciding whether the language is plain, we must read the words 'in their context and with a view to their place in the overall statutory scheme'") (quoting *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000)).

The difference in language between the applicability sections convinces this Court that Congress did not intend to have the new provisions of § 402 apply to defendants who pleaded guilty before the effective date of the First Step Act and who are being sentenced after its effective date. *See Republic of Sudan v. Harrison*, No.

16-1094, --- S. Ct. ---, 2019 WL 1333259, at *6, 2019 U.S. LEXIS 2293, at *17 (Mar. 26, 2019) (quoting *Dep't of Homeland Sec. v. MacLean*, 135 S. Ct. 913, 919 (2015) ("Congress generally acts intentionally when it uses particular language in one section of a statute but omits it in another")); *Barrett v. United States*, 423 U.S. 212, 217-18 (1973) (rejecting petitioner's argument that § 922(h) of the Gun Control Act of 1968 was not intended to encompass intrastate gun transactions partly by looking to different sections of the Act where Congress had specifically confined applicability to interstate transactions).

The only court decision this Court found on this narrow issue is *United States v. Sloan*, *supra*, a February 28, 2019 decision of the district court of the eastern district of Kentucky, where the district court arrived at the same conclusion on the applicability of the new safety valve provision as to persons who had pleaded guilty but had not been sentenced before the effective date of the First Step Act. It is noteworthy that United States District Judge Danny C. Reeves, the author of *Sloan*, is currently a member of the United States Sentencing Commission.

The Court acknowledges that it is difficult to come up with a clear policy purpose behind this interpretation of the applicability provisions of the First Step Act. An equitable argument could well be made to the effect that Mr. Tracy and others like him should not be disadvantaged because they pleaded guilty earlier than similarly-charged defendants who fortuitously decided to plead guilty after December 21, 2018. After all, the safety valve provision is not designed to affect or deter criminal behavior, but to encourage certain post-guilty plea conduct. Indeed, the fifth

17

criterion for the safety valve can be satisfied as late as the sentencing itself. § 3553(f)(5). Though these policy issues are confounding, the Court is still obligated to interpret statutory language as it appears; it is not within its purview to make the policy judgments that Congress was elected to make.

Finally, neither the parties nor the Court has discovered any legislative history that might illuminate Congress' intentions behind the differing applicability provisions.

Once the Court, as it has, determines that the applicability language is unambiguous, as the Court noted earlier, "when the statute's language is plain, the sole function of the court—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *Hartford*, 530 U.S. at 6. The Court will do so.

## IV. CONCLUSION

The Court concludes that the new safety valve provisions of the First Step Act do not apply to Eric Tracy, a defendant who pleaded guilty before December 21, 2018, its effective date, and is now awaiting sentence. The Court will convene a conference of counsel to discuss how the parties wish to proceed.

SO ORDERED.

                                      /s/ John A. Woodcock, Jr.
                                      JOHN A. WOODCOCK, JR.
                                      UNITED STATES DISTRICT JUDGE

Dated this 28th day of March, 2019